UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SCHLESINGER LAW OFFICES, P.A.<br>1212 SE Third Ave.<br>Fort Lauderdale, FL 33316,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOOD AND DRUG<br>ADMINISTRATION<br>10903 New Hampshire Ave.<br>Silver Spring, MD 20993,<br><br>UNITED STATES DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>Defendant. | Civ. No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552–559, to obtain access to records in the possession of the United States Food and Drug Administration ("FDA") regarding communications between the FDA and two tobacco companies, the Santa Fe Natural Tobacco Company, Inc., and its parent company Reynolds American, Inc. (collectively "the Tobacco Companies" or "the Companies"). In particular, this action challenges the FDA's decision to withhold critical portions of correspondence between the FDA and the Tobacco Companies under FOIA exemptions for confidential commercial information and law enforcement proceedings. Following an FDA warning letter advising the Tobacco Companies that they were in violation of the Federal Food, Drug, and Cosmetic Act

("FD&C Act"), 21 U.S.C. §§ 301–399, for selling tobacco products based on false claims that they presented a lower risk of disease or other tobacco-related harms, the FDA and the Tobacco Companies have apparently reached an agreement under which the Companies will purportedly take certain steps in an attempt to correct their marketing behavior and the FDA will not bring any enforcement action against them.  However, the FDA redacted from the records it disclosed to Plaintiff all information regarding the substance of any such agreement.

2. Plaintiff submitted a FOIA request for these records on October 1, 2015.  Despite the fact that FOIA itself establishes a statutory deadline for agencies to respond to requests within twenty working days, *see* 5 U.S.C. § 552(a)(6)(A), Plaintiffs repeatedly corresponded with the agency for more than five months in an effort to obtain any final response from the FDA.  However, the FDA did not provide any final response until after Plaintiffs filed a lawsuit challenging the agency's failure to act within statutory time limits.  The FDA then provided responsive records, but redacted all indications of how the agency and the Tobacco Companies intended to resolve the issues the FDA raised in its Warning Letter.  As ostensible support for its redactions, the agency invoked FOIA exemptions 4 and 7(a), covering confidential commercial information and law enforcement proceedings, respectively. However, because the redacted material does not fall within either FOIA exemption, the FDA's redactions are a violation of FOIA.  Accordingly, Plaintiff seeks a Court Order compelling the agency to provide complete versions of the requested information.

## JURISDICTION

3. This Court has jurisdiction over this action and venue is proper in this district pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.     Plaintiff Schlesinger Law Offices, P.A. ("Schlesinger" or "the Firm"), is a Florida-based law firm that represents, among others, clients who have been harmed by tobacco products. Schlesinger was the requester of the information at issue in this case.

5.     Defendant FDA is a federal agency within the United States Department of Health and Human Services ("HHS"). The FDA has possession of the information requested by Plaintiff.

6.     Defendant HHS is a federal executive department in control of records requested by Plaintiff.

## THE FREEDOM OF INFORMATION ACT

7.     "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted). FOIA was enacted to "permit access to official information long shielded unnecessarily from public view," by creating a "right to secure such information from possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80 (1973). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted). Upon request, FOIA requires agencies of the federal government to conduct a reasonable search for requested records and release them to the public, unless one of nine specific, narrowly construed, statutory exemptions applies. 5 U.S.C. § 552(a)(3), (b).

8.     Exemption 4 exempts "trade secrets and commercial or financial information obtained from a person that is privileged or confidential." *Id.* § 552(b)(4).

9.     Exemption 7(A) exempts records "compiled for law enforcement purposes, but

only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." *Id.* § 552(b)(7)(A).

10. Upon receiving a FOIA request, an agency has twenty working days to respond. *Id.* § 552(a)(6)(A). A requester has exhausted administrative remedies "if the agency fails to comply with the" twenty-day deadline. *Id.* § 552(a)(6)(C)(i). In that event, FOIA authorizes the requester to invoke the jurisdiction of a federal court to obtain the requested records. *Id.* § 552(a)(4)(B).

11. Requesters may appeal any adverse determination to the head of the agency. *Id.* The agency is required to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." *Id.* § 552(a)(6)(A)(ii).

12. In "unusual circumstances," federal agencies may extend this time limit by up to ten working days by giving written notice to the requester. *Id.* § 552(a)(6)(B)(i). To obtain this ten-day extension, an agency must provide written notice "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." *Id.* "No such notice shall specify a date that would result in an extension for more than ten working days," unless the agency also offers the requester an opportunity to narrow its request so that it may be processed within the statutory time limits. *Id.*

13. A requester is deemed to have exhausted administrative remedies "if the agency fails to comply with the applicable time limit provisions of FOIA." *Id.* § 552(a)(6)(C)(i). In that event, FOIA expressly authorizes the requester to sue the agency in federal court. *Id.* § 552(a)(4)(B).

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS**

14. On August 27, 2015, the FDA issued a warning letter to the Santa Fe Natural Tobacco Company, Inc., advising the company that it was in violation of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. §§ 301–399, for selling "adulterated" tobacco products that falsely suggest "that the products present a lower risk of tobacco-related disease or are less harmful than one or more other commercially marketed tobacco products." Letter from Ann Simoneau, Director, Office of Compliance and Enforcement, Center for Tobacco Products, U.S. Food & Drug Administration, to Michael Little, President, Santa Fe Natural Tobacco Company, Inc. (Aug. 27, 2015) (available at http://www.fda.gov/ICECI/EnforcementActions/ WarningLetters/2015/ucm459778.htm) [hereinafter FDA Warning Letter]. The FDA's letter provided the tobacco company with 15 working days in which it could respond either by describing its "corrective actions, including the dates on which [it] discontinued the violative promotion, advertising, sale, and/or distribution of these tobacco products and [its] plan for maintaining compliance with the FD&C Act" or by offering "reasoning and any supporting information" why the companies may believe that their products were not in violation of the FD&C Act. *Id.*

15. On October 1, 2015, Plaintiff formally submitted a FOIA request using FDA's online submission form for FOIA requests, and the FDA confirmed receipt via electronic mail. The FOIA request was for any responses from the Santa Fe Natural Tobacco Company, Inc., or from its parent company Reynolds American, Inc., to the FDA's August 27, 2015 warning letter. When five months had elapsed since the FDA originally confirmed receipt of Plaintiff's FOIA request and Plaintiffs had still not received a substantive response, Plaintiffs filed suit on March 22, 2016 to challenge the agency's failure to comply with FOIA's statutory timelines.

16. On May 6, 2016, the FDA provided a substantive response to Plaintiff's FOIA request. Although the FDA provided 41 pages of documents, the agency redacted all of the substance of the communications between FDA and the Tobacco Companies, as well as any subsequent agreement between the FDA and the Tobacco Companies reflecting the steps the Tobacco Companies will take in order to avoid an enforcement action by the government. The FDA invoked FOIA exemptions 4 and 7(a) as an ostensible justification for each redaction.

17. So that Plaintiff could file an administrative appeal, Plaintiff and FDA agreed to a voluntary dismissal of the litigation without prejudice to Plaintiff's ability to seek judicial review of any of the matters raised in an administrative appeal.

18. On June 3, 2016, Plaintiffs filed a timely, detailed administrative appeal of the FDA's decision to withhold, under Exemptions 4 and 7(A), the substance of the agreement between the FDA and the Tobacco Companies. Plaintiff's administrative appeal explained that the FDA lacked any sound basis for its redaction, asserting that the FDA had not justified its withholdings under either exemption for various reasons, including that there was no indication that disclosure would lead to affirmative use of proprietary information by competitors in the manner that Exemption 4 was intended to address. Similarly, Plaintiff asserted that the redacted information was not within the scope of exemption 7(A) both because the information was already known to – indeed, had been generated by – the potential target of the enforcement action, and because disclosure of the information could not in any event offer insights into future law enforcement actions by FDA, given that FDA itself makes all of its Warning Letters publicly available online.

19. On June 6, 2016, the Department of Health and Human Services confirmed that it had received Plaintiff's administrative appeal. Although FOIA provides 20 working days to

process an administrative appeal, HHS asserted that this appeal involved "unusual circumstances," but failed to provide any indication of when it would actually issue a final decision.

20. More than thirty working days have passed since Plaintiff filed its administrative appeal, but Plaintiff has not received any response to the appeal. Accordingly, Plaintiff has the right to seek judicial relief for FDA's unlawful withholding.

### PLAINTIFF'S CLAIM FOR RELIEF

(October 1, 2015 FOIA Request)

21. Plaintiff hereby incorporates by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

22. Plaintiff is entitled to the information that the FDA improperly withheld under exemptions 4 and 7(A). Plaintiff has a right to obtain the requested records under FOIA, and the FDA has no lawful basis for withholding the records.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the FDA is in continuing violation of FOIA;

2. order the FDA to provide Plaintiff all records to which it is lawfully entitled;

3. award Plaintiff its costs and attorneys' fees; and

4. award Plaintiff such other and further relief as the Court may deem just and proper.

    Respectfully submitted

    /s/ Eric R. Glitzenstein
    D.C. Bar No. 358287
    4115 Wisconsin Ave. NW, Suite 210
    Washington, DC 20016

(202) 588-5206
eglitzenstein@meyerglitz.com

William S. Eubanks II
D.C. Bar No. 987036
Meyer Glitzenstein & Eubanks LLP
245 Cajetan Street
Fort Collins, CO 80524
(970) 703-6060 / (202) 588-5049 (fax)
beubanks@meyerglitz.com

William N. Lawton
Meyer Glitzenstein & Eubanks, LLP
4115 Wisconsin Ave. NW, Suite 210
Washington, DC 20016
(202) 588-5206
nlawton@meyerglitz.com